# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
## October 19, 2010 Session

## CYRUS DEVILLE WILSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 93-A-176     Seth Norman, Judge**

**No. M2009-02241-CCA-R3-CO - Filed April 6, 2011**

The Petitioner, Cyrus Deville Wilson, appeals as of right from the Davidson County Criminal Court's dismissal of his petition for a writ of error coram nobis. The Petitioner contends that the coram nobis court erred by summarily dismissing his petition without an evidentiary hearing. Following our review, we reverse the judgment of the coram nobis court and remand the Petitioner's case for an evidentiary hearing.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed; Case Remanded.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. DAVID H. WELLES, J., filed a dissenting opinion.

Patrick T. McNally, Nashville, Tennessee, for the appellant, Cyrus Deville Wilson.

Robert E. Cooper, Jr., Attorney General and Reporter; Mark. A. Fulks, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Dan Hamm, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1994, the Petitioner was tried and convicted for the first degree murder of Christopher Luckett and sentenced to life in prison. State v. Cyrus Deville Wilson, No. 01C01-9408-CR-00266, 1995 WL 676398 (Tenn. Crim. App. Nov. 15, 1995), perm. app. denied (Tenn. March 25, 1996). Key to the State's case were two juvenile eyewitnesses, Rodriguez Lee and Marquis Harris. Id. at *1. Mr. Lee testified that he saw the Petitioner

leave his home with a 12-gauge shotgun. Id. Mr. Lee also testified that he witnessed the Petitioner chase the victim and then shoot the victim in the face. Id. Mr. Harris testified that he also saw the Petitioner shoot the victim in the face. Id. The remainder of the State's witnesses served to corroborate the testimony of Mr. Lee and Mr. Harris. Id. at *2. The Petitioner's conviction was affirmed by this court on direct appeal. Id. at *6. The Petitioner subsequently filed a petition for post-conviction relief which was denied by the post-conviction court following an evidentiary hearing. Cyrus D. Wilson v. State, M2000-01237-CCA-R3-PC, 2001 WL 504910, at *1 (Tenn. Crim. App. May 14, 2001), perm. app. denied (Tenn. Sept. 17, 2001). This court affirmed the decision of the post-conviction court on direct appeal. Id. at *3.

On August 25, 2009, the Petitioner filed a petition for writ of error coram nobis. The petition states that on August 26, 2008, the Petitioner "obtained through an agent the District Attorney's file in this matter." In the file was a form entitled "Resume of Facts" dated December 28, 1992, which contained the prosecutor's handwritten notes and impressions of the case. At the end of the form, the prosecutor had written "good case but for most of [the witnesses] are juveniles who have already lied repeatedly." The Petitioner contended that this constituted exculpatory evidence that was withheld in violation of his constitutional rights and requested a new trial. See Brady v. Maryland, 373 U.S. 83 (1963). On October 1, 2009, the coram nobis court issued an order summarily dismissing the petition for writ of error coram nobis. In the order, the coram nobis court ruled that "[a]s the evidence discovered in this matter was not available to the Petitioner until well after the statute of limitations had run, due process considerations should prevent the [p]etition from being time-barred." The coram nobis court then concluded that the "Resume of Facts" was work-product of the State containing "merely commentary of the prosecuting attorney who seems concerned with reliability of the witnesses" and not subject to disclosure to the defense. Following the coram nobis court's order, the Petitioner filed a timely notice of appeal to this court.

ANALYSIS

The Petitioner contends that the coram nobis court erred by summarily dismissing his petition without holding an evidentiary hearing. The Petitioner argues that regardless of whether the "Resume of Facts" was a discoverable document, the State had a duty to disclose the contents of the document, that juvenile witnesses had "lied repeatedly." The Petitioner further contends that without an evidentiary hearing, it was impossible for the coram nobis court to determine whether the evidence that unnamed witnesses had "lied repeatedly" may have resulted in a different outcome at trial. The State first responds by arguing that the trial court erred in ruling that due process considerations prevented the petition from being time-barred. The State further responds that the trial court did not abuse its discretion in denying

coram nobis relief because the petition relies "upon an inadmissible work-product document reflecting the prosecutor's assessment of the case and witnesses."

A writ of error coram nobis is an extraordinary remedy available only under very narrow and limited circumstances. State v. Mixon, 983 S.W.2d 661, 666 (Tenn. 1999). A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105 (2006); see State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny the writ rests within the discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988).

A petition for writ of error coram nobis must be filed within one year of the date the judgment of the trial court becomes final. See Tenn. Code Ann. §§ 27-7-103, 40-26-105; Mixon, 983 S.W.2d at 671. The one-year limitations period may be tolled only when required by due process concerns. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). However, the State bears the burden of raising the bar of the statute of limitations as an affirmative defense. See Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003) (citing Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995)). Because there is no evidence in the record that the State ever raised the statute of limitations in the trial court, "the State is precluded from raising it as a defense in this court." Calvin O. Tankesly v. State, M2004-01440-CCA-R3-CO, 2005 WL 2008203, at *6 (Tenn. Crim. App. Aug. 19, 2005), perm. app. denied (Tenn. Feb. 6, 2006); see also Andre L. Mayfield v. State, M2009-02640-CCA-R3-CO, 2010 WL 4545822, at *4 (Tenn. Crim. App. Nov. 12, 2010) (noting that the State had waived the statute of limitations defense where it failed to raise the defense and had "57 days between the service of the petition" and the coram nobis court's order summarily dismissing the petition).

Coram nobis claims are "singularly fact-intensive" and "are not easily resolved on the face of the petition and often require a hearing." Freshwater v. State, 160 S.W.3d 548, 554 (Tenn. Crim. App. 2004) (quoting Harris v. State, 102 S.W.3d 587, 593 (Tenn. 2003)). Additionally, the coram nobis statute "does not contain provisions for summary disposition or expedited appeals." Id. The coram nobis court's summary dismissal of the petition prevented the Petitioner from presenting any proof that the newly discovered evidence regarding unnamed witnesses having "lied repeatedly" may have resulted in a different judgment at trial. The petition raises a possible ground for relief, but numerous facts need to be established before the coram nobis court can determine whether the petition has any merit. For example, the identities of the witnesses are not revealed in the "Resume of Facts" and the "Resume of Facts" is unclear as to whether the witnesses lied about material facts or nonmaterial matters. Without an evidentiary hearing there is not enough evidence on the

record for the coram nobis court to determine whether the petition has any merit. Accordingly, we conclude that the coram nobis court erred by summarily dismissing the petition.

CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the coram nobis court is reversed. The Petitioner's case is remanded for an evidentiary hearing.

_____
D. KELLY THOMAS, JR., JUDGE